**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EXETER TOWNSHIP, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-01723 |
| | : | |
| ERIC GARDECKI, | : | |
| Defendant. | : | |
| | : | |

**O P I N I O N**

**Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 4—Granted**

**Joseph F. Leeson, Jr.**                                                  **December 14, 2018**
**United States District Judge**

## I.     INTRODUCTION

Plaintiff Exeter Township initiated this action against its former employee, Defendant Eric Gardecki. In the Complaint, the Township asserts five claims against Gardecki based upon alleged illegal acts that he engaged in during and after his employment with the Township. Gardecki filed a Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is granted.

## II.     BACKGROUND[1]

From 2001 to April 13, 2016, the Township employed Gardecki in the position of Township Information Technology (IT) Administrator. Compl. ¶ 8, ECF No. 1. The day before the Township terminated Gardecki, he made a copy of the Township's cloud-based server on an external hard drive owned by the Township. Compl. ¶ 9. Upon termination, in addition to the

---

[1]     The background information in this section is taken from the Township's Complaint and is set forth as if true. *See Phillips Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

hard drive, Gardecki stole two additional Township hard drives that also contained Township-owned materials. Compl. ¶ 10. The hard drives contained copies of digital materials owned by the Township, which included highly sensitive and confidential information concerning police investigations, personnel matters, and legal advice, among other things. Compl. ¶ 11. Gardecki had no legitimate business purpose for stealing the hard drives; he did so because he wanted to assist the Township's former Zoning Officer, Cheryl Franckowiak, who had informed Gardecki that she planned to act as a whistleblower against the Township. Compl. ¶¶ 12-17. After the Township terminated Gardecki he withheld the hard drives from the Township for over twenty months and only returned them to the Township after having received a subpoena in a related matter. Compl. ¶¶ 18-20.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal

quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.    ANALYSIS

As referenced above, the Township's Complaint asserts five claims against Gardecki. In Counts I and II of the Complaint, the Township alleges violations of the Federal Stored Communications Act, 18 U.S.C. §§ 2701–2712, and the Pennsylvania Stored Communications Act, 18 Pa. Cons. Stat. §§ 5741–5749, (together the "Stored Communications Acts"[2]) when he accessed the Township's cloud-based server to create the hard drive. In Count III of the Complaint, the Township asserts a trespass to chattels claim against Gardecki, alleging that he created the hard drive and stole the hard drives. In Count IV of the Complaint, the Township asserts a claim of conversion, alleging that Gardecki acquired the contents of the Township

---

[2]    The Pennsylvania statute parallels its federal counterpart; the analysis is identical under both statutes. *Strategic Wealth Grp., LLC v. Canno*, No. 10-cv-0321, 2011 U.S. Dist. LEXIS 11081, at *7 (E.D. Pa. Jan. 31, 2011) (citing *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 114 n.9 (3d Cir. 2003)).

server and the hard drives with the intent to assert a right adverse to the Township, deprived the Township of control over the contents of the Township server and hard drives, and unreasonably withheld possession of the Township server and its contents from the Township. In Count V of the Complaint, the Township asserts a claim of breach of fiduciary duty, alleging that Gardecki breached his duties to the Township as an employee when he intentionally failed to act in good faith and solely for the benefit of the Township.

Gardecki moves to dismiss each of these claims on a variety of grounds. *See* Mot. Dismiss, ECF No. 4. For the reasons set forth below, his motion is granted.[3] The Court will, however, allow the Township leave to file an Amended Complaint with respect to Counts I, II, and V.

**A. Timeliness of Complaint.**

Gardecki moves to dismiss initially contending that the claims are barred by the applicable two-year statute of limitations governing these claims. Def.'s Br. Supp. Mot. Dismiss 6, ECF No. 4. The Township argues: (1) that its Complaint does not facially show noncompliance with the applicable limitations periods and therefore the statute of limitations defense cannot be raised by Gardecki pursuant to Rule 12 and (2) that the claims are timely. Pl.'s Br. Opp'n Mot. Dismiss 7, ECF No. 5.

The statute of limitations is not an appropriate ground for a Rule 12(b)(6) motion except "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). The law of the Third Circuit allows a

---

[3]     Gardecki moves in the alternative for a more definite statement under Rule 12(e). Because the Court grants Gardecki's Motion to Dismiss his motion under Rule 12(e) is denied as moot.

party to raise a statute of limitations defense through a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978); *see also Hunt v. Pa Dep't of Corr.*, 174 F. App'x 679, 681 (3d Cir. 2006) (citing *Oshiver*, 38 F.3d at 1385 n.1) ("A complaint may not be dismissed under Rule 12(b)(6) as untimely under the relevant statute of limitations unless it is plain from the face of the complaint that it was not timely filed.").

The statute of limitations for claims brought under the Stored Communications Acts is two years from the date the claimant first discovered or had a reasonable opportunity to discover the violation. 18 U.S.C. § 2707(f); 18 Pa. Cons. Stat. § 5747(e). Under Pennsylvania law, tort actions, including conversion, trespass to chattels, and breach of fiduciary duty, are subject to a two-year statute of limitations. 42 Pa. Cons. Stat. § 5524; *Gannon v. AMTRAK*, No. 03-4501, 2004 U.S. Dist. LEXIS 10585, at *4 (E.D. Pa. June 9, 2004) (trespass to chattels and conversion[4]); *Weis-Buy Servs. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005) (breach of fiduciary duty). The statute of limitations for tort actions in Pennsylvania generally begins at the time of the last step necessary to complete the tort, *Porter v. Crozer Chester Med. Ctr., Inc.*, No. 16-2252, 2017 U.S. Dist. LEXIS 84678, at *13 (E.D. Pa. June 1, 2017), unless the injured person is unable, despite the exercise of diligence, to determine the injury or its cause, at which point the

---

[4] The court in *Gannon* specifically dealt with conversion but explained that 42 Pa. Cons. Stat. § 5524(3) encompassed actions for taking, detaining, or injuring personal property, actions that would include trespass to chattels.

discovery rule tolls the running of the statute of limitations. *McGowan v. Univ. of Scranton*, 759 F.2d 287, 295 (3d Cir. 1985).

Gardecki argues that the first date that the Township either first discovered or had a reasonable opportunity to discover the alleged violations would have been when the wrongful acts occurred: on or before April 12, 2016. Def.'s Br. Supp. Mot. Dismiss 5. The Township argues that a fair reading of the Complaint suggests that the Township could not have discovered the violations until sometime on or after Gardecki returned the hard drives: December 20, 2017. Pl.'s Br. Opp'n Mot. Dismiss 9. And further, the Township argues that the Complaint does not allege the date when the violations occurred, nor was it required to do so. *Id*. Based on that fact, the Township argues that its Complaint does not facially show noncompliance with the various statutes of limitations. *Id*.

The Township's Complaint does not allege when it discovered the violations. In their briefs the parties provide dates only in connection with their respective statute of limitation arguments. In its brief, the Township includes additional relevant dates for the Court's consideration, but those are outside of the Complaint and therefore cannot be considered at the motion to dismiss stage. *See Fralin v. C & D Sec., Inc.*, No. 06-2421, 2007 U.S. Dist. LEXIS 39107, at *10 (E.D. Pa. May 30, 2007) (citing *Giusto v. Ashland Chemical Co.,* 994 F. Supp. 587, 594 (E.D. Pa. 1998)) ("I cannot consider this additional information, however, because it was not contained in the complaint."). Without more, the Court cannot determine whether the claims have been brought within the statutes of limitations. In other words, it does not clearly appear on the face of the Township's complaint that the action is barred by the statute of limitations. As such, the Court declines to dismiss on the grounds that the claims are barred by the applicable two-year statute of limitations.

**B. The Township's claims under the Stored Communications Acts.**

In Counts I and II of the Complaint, the Township alleges that Gardecki violated the Stored Communications Acts when he accessed, without authorization or in excess of his authorization, the Township's cloud-based server to make a copy of the Township-owned materials contained therein to an external hard drive. Gardecki contends that these claims should be dismissed because: (1) Plaintiff fails to allege facts to support the claim that Gardecki's access to the server was unauthorized, (2) even if his access was unauthorized, the information Gardecki accessed is not protected under the Stored Communications Acts, and (3) the Acts do not apply because the Township is not an electronic service provider.

As stated previously, the Pennsylvania Stored Communications Act parallels its federal counterpart and the analysis is identical under both statutes. To state a violation of the Stored Communications Acts the Township must plead that Gardecki "(1) intentionally accesse[d] without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceed[ed] an authorization to access that facility; and thereby obtain[ed], alter[ed], or prevent[ed] authorized access to a wire or electronic communication while it is in electronic storage in such system." *In re Google Inc.*, 806 F.3d 125, 146 (3d Cir. 2015) (citing 18 U.S.C. § 2701(a)).[5]

The Court is not required to accept any legal conclusions in the Complaint when determining whether the Township has pleaded factual content that would allow the Court to infer that Gardecki is liable under the Acts. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)). At

---

[5]     Section 2707(a) of the Stored Communications Acts creates the civil cause of action. 18 U.S.C. § 2707(a).

various points in its Complaint, the Township concludes that Gardecki accessed the server without authorization or in excess of his authorization. *See* Compl. ¶¶ 25, 28, 36, 39. Even when construing the Complaint in the light most favorable to the Township, the Court cannot conclude that the Township pleaded factual content to support these conclusions. The Complaint is devoid of any discussion of Gardecki's authorization as an employee of the Township. Without more, the Court cannot accept as true the conclusory assertions that Gardecki accessed the server without authorization or in excess of his authorization. Without this element, the claims under the Acts fail. Therefore, these claims are dismissed.

## C. The Township's trespass to chattels and conversion claims.

In Counts Three and Four, the Township alleges that Gardecki is liable for trespass to chattels and conversion because he willfully and/or maliciously created the hard drive and then stole the hard drives. Compl. ¶¶ 8-17. In his brief, Gardecki argues that the Township fails to allege that the copy of information found on the server and in email accounts are chattels. Def.'s Br. Supp. Mot. Dismiss 12. Gardecki argues further that the Township's allegations are mere legal conclusions and conclusory statements. *Id*. The Township argues in response that the information contained on the hard drives, as well as the data on the hard drives, constitute both tangible property and intangible property identified with tangible property, and that the Township sufficiently alleged that Gardecki stole the hard drives with the intent to exercise control over the stolen property in order to assist Franckowiak. Pl.'s Br. Opp'n Mot. Dismiss 18.

Under Pennsylvania law, "[t]he elements of trespass to chattels and conversion—both intentional torts—are essentially the same," with the difference being that conversion entails a more serious deprivation of the owner's rights in the chattel. *See QVC, Inc. v. Resultly, LLC*, 159 F. Supp. 3d 576, 599 (E.D. Pa. 2016). Trespass to chattels requires intentional dispossession or

use or intermeddling with a chattel of another, whereas conversion requires the deprivation of another's right of property in, or use or possession of, a chattel. *Id.* In either case, it is necessary that the tortfeasor interfere in some manner with a "chattel."

While a growing number of courts have applied the doctrine of trespass to chattels to actions taken in cyberspace, *see United States v. Ackerman*, 831 F.3d 1292, 1308 (10th Cir. 2016) (Gorsuch, J.) ("[M]any courts have . . . applied the common law's ancient trespass to chattels doctrine to electronic, not just written, communications." (citations omitted)), "[t]here is no consensus among the courts" on the issue of whether the doctrine of trespass to chattels applies to actions taken in cyberspace, and courts have reached varying conclusions. *See Porters Bldg. Centers, Inc. v. Sprint Lumber*, No. 16-06055-CV-SJ-ODS, 2017 U.S. Dist. LEXIS 162139, at *31 (W.D. Mo. Oct. 2, 2017). At least one court has held that the theft of data located on a server does not support a trespass to chattels claim because stored data is not tangible property and therefore not a chattel. *Fidlar Techs. v. LPS Real Estate Data Sols., Inc.*, No. 4:13-cv-4021-SLD-JAG, 2013 U.S. Dist. LEXIS 159929, at *34 (C.D. Ill. Nov. 8, 2013) (finding that directly accessing servers and engaging in theft of data located thereon is insufficient to allege trespass to chattels because the stolen data "was not tangible property and therefore not chattel").

The Township relies heavily on *Porters Building Centers, Inc.*, which expands the definition of a chattel under Missouri law to include intangible property (such as an email) when the intangible property is connected to a tangible object (such as a server). 2017 U.S. Dist. LEXIS 162139, at *33 (concluding that "Missouri courts would find a trespass to chattel claim includes an email communication when the email communication is connected to a tangible object, such as a server."). Taking that principle from Missouri, the Township alleges that the electronic files and communications on the stolen hard drive, although intangible property, are

connected to tangible property (the Township's server or hard drives). Pl.'s Br. Opp'n Mot. Dismiss 19.

Pennsylvania courts have not directly addressed this question of whether an electronic file is a chattel. *See QVC, Inc.*, 159 F. Supp. 3d at 600 (observing that the question of whether a website can be construed as a "chattel" under Pennsylvania law is "one which no Pennsylvania court has yet to shine a light on"). More generally, however, Pennsylvania courts have determined that intangible property, with limited exceptions, does not constitute a chattel. Thus, "[w]hile courts in other states have expanded the tort of conversion to apply to intangible property, in Pennsylvania this expansion is limited 'to the kind of intangible rights that are customarily merged in, or identified with, a particular document (for example, a deed or a stock certificate).'" *Giordano v. Claudio*, 714 F. Supp. 2d 508, 524 (E.D. Pa. 2010); *see also Apparel Bus. Sys., LLC v. Tom James Co.*, No. 06-1092, 2008 U.S. Dist. LEXIS 26313, at *54 (E.D. Pa. Mar. 28, 2008) ("Courts in the Eastern District of Pennsylvania have found that domain names and satellite signals are not subject to conversion because they are not types of intangible property that merge with particular documents."). The intangible property at issue here—copies of the server and or other electronic files—does not fit within this limited exception. Thus, this Court would predict that the Pennsylvania Supreme Court would not extend the definition of "chattel" to include the property at issue here.[6] Accordingly, the electronic files[7] at issue in this

---

[6]     Because this Court is sitting in diversity and hearing a state law question, it must keep in mind that "[w]hen the state's highest court has not addressed the precise issue presented, a federal court must predict how the state's highest court would resolve the issue." *Travelers Indem. Co. v. Stengel*, 512 F. App'x 249, 250-51 (3d Cir. 2013) (citing *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1373 (3d Cir. 1996)).

[7]     In support of its argument that the electronic files are chattels, the Township makes a correct assertion that the hard drives are chattels. Pl.'s Br. Opp'n Mot. Dismiss 19. Besides this passing reference to the hard drives as tangible property, though, the Township's arguments on

case are not "chattels" under Pennsylvania law, and these Counts are dismissed for failure to state a claim upon which relief can be granted.[8]

### D. The Township's claims that Gardecki breached his fiduciary duty.

Count V of the Township's Complaint is titled "Breach of Fiduciary Duty." Under this heading, the Complaint alleges that Gardecki was an employee of the Township and that as an employee he "had a fiduciary to the Township and must act with the utmost good faith, fidelity, and integrity." Compl. ¶¶ 58-59. The Township further alleges in the Complaint that Gardecki breached his fiduciary duties by: (1) intentionally creating the hard drive, (2) stealing the hard drives at the time of his termination without any lawful justification, and (3) otherwise assisting Franckowiak in her efforts to harm the Township. Compl. ¶ 60.

Gardecki argues that the Township fails to allege any facts to support the conclusion that he was a fiduciary and owed the Township corresponding duties. Def.'s Br. Supp. Mot. Dismiss 14. Gardecki further argues that the Township's Complaint does not contain sufficient factual matter to state a claim for breach of fiduciary duty because the Township does not allege how it

---

the claims for conversion and trespass to chattels focus on the electronic files found on the hard drives, not the physical hard drives.

To the extent that the Township asserts these claims against Gardecki for stealing the hard drives (and not the electronic files), the Township has likely stated claims under Pennsylvania law. The Court has supplemental jurisdiction over these claims because it has original jurisdiction over the Federal Stored Communications Act claim. But, because the Court is dismissing the federal claim, the Township's only remaining claims would be state law tort claims for the value of the hard drives. Even if the Township has stated these claims, the Court would decline to exercise supplemental jurisdiction over them and dismiss them without prejudice to refile in state court. *Gallo v. Wash. Cnty.*, No. 08-cv-0504, 2009 U.S. Dist. LEXIS 7958, at *27 (W.D. Pa. Feb. 4, 2009) (finding that where an original complaint was not filed in state court, "the [c]ourt cannot remand [the] case. Rather, the [c]ourt will dismiss . . . without prejudice for an action to be filed in state court.").

[8]    Because the Court finds that electronic files at issue are not chattels, Gardecki's argument that the Township's allegations are mere legal conclusions and conclusory statements need not be addressed.

was harmed, what duties Gardecki owed the Township, how Gardecki acted maliciously, willfully, or intentionally, or what harm the Township suffered due to Gardecki's assistance to Franckowiak. *Id.*

As a threshold matter, Gardecki is incorrect that the Township fails to allege any facts to support the conclusion that he was a fiduciary and owed the Township any duty. The Township alleges that Gardecki was an employee and "[u]nder Pennsylvania law, employees owe a fiduciary duty to their employers"; this duty is "inherent to the employer-employee relationship." *Colgate-Palmolive Co. v. Tandem Indus.*, 485 F. App'x 516, 518 (3d Cir. 2012).

The fiduciary duty an employee owes to an employer "includes both a duty of loyalty—conducting the employer's business in the employer's best interest instead of one's own—and a duty of care—conducting the employer's business attentively and responsibly." *Id.* (citing *Sylvester v. Beck*, 178 A.2d 755, 757 (Pa. 1962)). The elements of a breach of fiduciary duty claim by an employer against an employee are: (1) that the employee negligently or intentionally failed to act in good faith and solely for the benefit of the employer in all matters for which he or she was employed; (2) that the employer suffered injury; and (3) that the employee's failure to act solely for the employer's benefit was a "real factor" in bringing about the employer's injuries. *Id.* (citing Pa. Suggested Standard Civil Jury Instructions § 6.210 (2011)).

As described above, the Township's Complaint includes a list of acts that are alleged to have breached the fiduciary duty Gardecki owed to the Township as an employee. Accepting these factual allegations as true and construing them in the light most favorable to the Township they could plausibly satisfy the first element of a breach of fiduciary duty——that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of the plaintiff in all matters for which he was employed. Even with this element satisfied, the Township's

Complaint does not include sufficient factual allegations to satisfy the second and third elements of a breach for fiduciary claim because the Township does not plead factual content that the Township suffered injury or that would allow the Court to draw any reasonable inference that Gardecki's acts were a "real factor" in bringing about such injury. Instead, the Township only states conclusory allegations that the Township was harmed and suffered substantial damages. Therefore, this Count is dismissed for failure to state a claim upon which relief can be granted.

## V.     CONCLUSION

For the reasons stated above, Gardecki's Motion to Dismiss is granted The Court will allow the Township leave to file an Amended Complaint with respect to Counts I, II, and V.[9] A separate order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[9]     The Court does not grant leave to amend on Counts III and IV because, as a matter of law, electronic files at issue in this case are not "chattels" under Pennsylvania law, and amendment would be futile.